**NOT FOR PUBLICATION** [6]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

TIMOTHY J. SHEEHAN and BARBARA
E. SHEEHAN,                                 :

    Appellants,                             :      Civil Action No. 10-6288 (FLW)

    v.                                               :
                                                                    **OPINION**
ANDREA DOBIN, TRUSTEE,            :

    Appellee.                                 :
_____

**WOLFSON, United States District Judge:**

    Presently before the Court is an appeal by Timothy J. Sheehan and Barbara E. Sheehan ("Appellants" or "the Sheehans"), proceeding pro se,[1] from an Order of the Honorable Raymond T. Lyons, United States Bankruptcy Judge, dated November 8, 2010 ("Order") that granted summary judgment in favor of Andrea Dobin, the Chapter 7 Trustee ("Appellee" or the "Trustee"). The instant appeal relates to a Chapter 11 Petition for bankruptcy that was filed by

---

[1] The Court is in receipt of a letter from the Sheehans dated July 28, 2011, advising that, going forward, they "expect that James Scarpone, Esq. . . will be representing" them and that they "would appreciate if" the Court would "forego any further action in these matters until Mr. Scarpone has filed his appearance." The instant appeal was noticed by Appellants in December 2010, and, after an undue period of delay, Appellants eventually and belatedly filed an Appellate brief in March 2011 and a reply brief in June 2011. At this point, the appeal is fully briefed and is ripe for this Court's review.

Eight Bulls, L.P. ("Eight Bulls" or "Debtor") on July 27, 2009 (the "Petition"). In this appeal, one of several separate appeals filed by Appellants, the Sheehans argue that Judge Lyons erred by holding that the Rooker-Feldman doctrine was inapplicable to the Eight Bulls bankruptcy proceeding and that the Bankruptcy Court had no jurisdiction to grant summary judgment in favor of the Trustee.[2] This Court has appellate jurisdiction to review the decision of the Bankruptcy Court pursuant to 28 U.S.C. § 158(a). For the reasons that follow, the Court affirms the decision of the Bankruptcy Court.

I. BACKGROUND & PROCEDURAL HISTORY

As mentioned above, the instant appeal relates to a voluntary bankruptcy petition that was filed by Eight Bulls on July 27, 2009. The Petition was signed by Timothy J. Sheehan as the authorized partner of Debtor. Schedule A to the Bankruptcy Petition reflected that Eight Bulls was the owner of Lots 16, 17 and 18, Block 2102, in Princeton Township, New Jersey (the "Property" or the "Lots"). Indeed, as of the Petition date, the last recorded deed for the Lots demonstrated that the Debtor was the record owner. On January 29, 2010, the Debtor's bankruptcy proceeding was converted to one under Chapter 7 of the Bankruptcy Code. On that same date, Appellee was appointed to serve as the Chapter 7 Trustee.

In August 2010, following the Trustee's sale of real estate owned by the Debtor, the Trustee filed an Adversary Proceeding in the United States Bankruptcy Court for the District of New Jersey to determine the extent and validity of the Appellant's ownership in the Lots. Thereafter,

---

[2]The Court notes that although Appellants set forth ten separate issues to be presented on appeal, the Sheehans appear to have expressly waived nine of the issues and have, isntead, concentrated their arguments solely on the applicability of the Rooker Feldman doctrine. Appellants' Br. at 2.

on September 28, 2010, the Trustee filed a motion for Summary Judgment arguing that deeds transferring the Property from Debtor to the appellants as individuals, were recorded after the Petition Date and, therefore, were unenforceable against the Trustee.  As a result, the Trustee argued that her interest in the Property was that of a bona fide purchaser without notice and that her interest was perfected as of the Petition Date as provided by Section 544 of the United States Bankruptcy Code.

On November 8, 2010 Judge Lyons issued an Order granting summary judgment in favor of the Trustee and declaring that Appellants have no legal interest in the Lots.  On November 18, 2010, Judge Lyons issued an opinion setting forth the basis for the Order.  That same day, the Appellants docketed a Notice of Appeal.  As a result, the designation of the Record and the Statement of Issues on Appeal was due on December 1, 2010.  Appellants, however, failed to timely file the Designation of Record and the Statement of Issues and, on December 6, 2010, the Bankruptcy Court and the District Court both docketed a Certification of Failure to File Designation of Record.  Thereafter, on January 24, 2011, the Trustee filed a Motion to Dismiss for Lack of Prosecution.  On March 4, 2011, Appellants filed a response to the Trustee's motion and, on March 23, 2011, this Court instructed the Trustee to treat Appellants' brief as a response to the Trustee's Motion and as the Appellants' Brief.  Appellee responded on March 20, 2011 and the Sheehans filed a belated reply brief on June 22, 2011.

## II. STANDARD OF REVIEW

When reviewing a bankruptcy court's decision, the standard of review is determined by the nature of the issues presented on appeal.  In particular, factual determinations reviewed on appeal

should not be set aside unless found to be "clearly erroneous." In re Continental Airlines, 150 B.R. 334, 336 (D.Del.1993) (citing Bankruptcy Rule 8013 and In re Morissey, 717 F.2d 100, 104 (3rd Cir.1983)).  A factfinder, rather than a reviewing body, is generally in a better position to make judgments about the reliability of evidence; specifically, the reviewing body only acts pursuant to a written record, while the factfinder is able to evaluate the credibility of a live witness. See Concrete Pipe & Prods. v. Constr. Laborers Pension Trust, 508 U.S. 602, 113 S.Ct. 2264, 2280, 124 L.Ed.2d 539 (U.S.1993).  Conversely, legal conclusions from the bankruptcy court "are subject to plenary review by the district court and are considered de novo on appeal." Continental, 150 B.R. 334 at 336.  Mixed findings of fact and conclusions of law must be broken down and the applicable standards - "clearly erroneous" or de novo - must be appropriately applied to each component. Meridian Bank v. Alten, 958 F.2d 1226, 1229 (3d Cir.1992) (citing In re Sharon Steel Corp., 871 F.2d 1217, 1222 (3d Cir.1989) and Universal Minerals, Inc. v. C.A. Hughes & Co., 669 F.2d 98, 102-03 (3d Cir.1981)).  Because Appellants are clearly seeking review of a legal determination made by Judge Lyons, the Court finds that the plenary standard of review applies.

## III. DISCUSSION

In the instant appeal, the Sheehans argue that Judge Lyons erred when he determined that the Rooker-Feldman doctrine was not applicable to the Eight Bulls' bankruptcy proceeding. Specifically, the Sheehans contend that the Bankruptcy Court lacked subject matter jurisdiction to grant the Trustee's motion for summary judgment since it "rendered ineffectual the decision or judgment of the State Court when it determined that the Sheehans were the owners of [the Lots]. This issue was litigated before the State Court and Judge Ostrer . . . decided that the Sheehans

and not Eight Bulls, L.P. were the owners of the property. He initially did so in October of 2009 and reiterated same in June of 2010." Appellants' Br. at 2. Thus, the Sheehans argue that the Trustee's claim is "inextricably intertwined with the state court adjudication," Appellants' Br. at 3, and, as a result, that the Rooker-Feldman doctrine barred the Bankruptcy Court's decision. In response, the Trustee argues that Appellants' application of the Rooker Feldman doctrine relies upon outdated law and, that under the proper standard, the Appellants cannot meet the standard necessary for its application. The Court agrees.

The Rooker-Feldman doctrine establishes that "federal district courts lack jurisdiction over suits that are essentially appeals from state-court judgments." Great Western Mining & Mineral Co. v. Fox Rothschild, LLP, 615 F.3d 159, 165 (3d Cir. 2010). Until 2005, federal courts had broadly applied this doctrine to bar federal review of claims that had been previously litigated in state court. See, e.g., Desi's Pzza, Inc. v. City of Wilkes-Barre, 321 F.3d 411, 419 (3d Cir. 2003). However, in Exxon Mobil v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005), the Supreme Court narrowed the scope of cases to which the Rooker-Feldman doctrine may be applied and clarified that the doctrine applies only to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Id. In other words, if a case has been previously litigated in state court, a district court may nonetheless maintain jurisdiction as long as the "federal plaintiff 'present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party.'" Id. at 293 (quotations omitted).

Subsequently, and in the wake of Exxon, the Third Circuit articulated a new standard concerning the applicability of Rooker Feldman and the Supreme Court's mandate that courts should construe the doctrine narrowly. Great Western Mining & Mineral Co. v. Fox Rothschild, LLP, 615 F.3d 159, 166 (3d Cir. 2010). In Great Western Mining, the Third Circuit held that Rooker-Feldman applies only if the following four requirements are met: (1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by a state court judgment; (3) the judgment was rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments. Id. at 166. Because Appellants cannot establish any of the requisite four factors, the Court will affirm the decision of Judge Lyons in its entirety.

Initially, the Court notes that Judge Lyons correctly recognized that Appellants could not meet the first prong of the test. Specifically, in the underlying opinion, Judge Lyons explained that the Trustee "cannot be characterized as a 'state court loser complaining of injuries caused by' the cited judgment. Trustee Dobin was not a party to the quiet title action brought by the neighboring homeowners' association." In Re Eight Bulls, LP, 439 B.R. 370, 376. In other words, not only was the Trustee not a party in the state court action heard by Judge Ostrer, but the state court action concerned entirely different issues than those before Judge Lyons. Indeed, as the Trustee explains in her brief, the "State Court Action addressed the existence of an easement for the benefit of the Property, while the underlying Adversary Proceeding sought to determine the ownership interest the Appellants had in the Property." Trustee's Br. at 9. Thus, the Court finds that Appellants have failed to meet the first prong of the test, and, as a result that the Rooker Feldman doctrine is inapplicable.

However, assuming, arguendo, that the Trustee could somehow be construed as a loser in the action before Judge Ostrer, Appellants have failed to meet the remaining prongs of the test. In that regard, the Court notes that the second factor of the Great Western test requires that a Plaintiff complain of injuries caused by a state court judgment. Great Western Mining & Mineral, 615 F.3d at 166. Here, not only has the Trustee not suffered an injury arising out of a state court judgment, but Appellants have failed to point to any judgment made by the state court. Indeed, the alleged "judgment" that Appellants want this Court to consider, is not, in fact, a judgment at all; instead, Appellants want this Court to imbue a single fact incorporated as part of the factual background in Judge Ostrer's opinion – specifically, the statement that "Timothy Sheehan currently owns Block 2101, Lot 18" – with the power of a final judgment. This the Court will not do. Importantly, the statement that Defendant "currently owns" the Lot was not made as part of Judge Ostrer's judgment concerning the extent and validity of ownership rights over the Lots; instead, this fact was included as part of a fact section in an opinion concerned with determining whether Defendants owned an easement over a portion of Lot 18. Moreover, the Court notes that Judge Ostrer's opinion expressly noted that the court was not performing any factfinding nor reviewing the facts for accuracy or validity; indeed, Judge Ostrer explained that he was "liberally adopt[ing] verbatim the wording of the parties' statement of undisputed material facts, and adopted their numbering." Judge Ostrer Opinion at 5, n.2. Further, other than suggesting that this Court should find that Rooker Feldman applies based on a fact set forth in an state court opinion dealing with an unrelated matter, Appellants have not provided this Court with anything that would contradict Judge Lyons' factual determination that as of the Petition date, the Debtor (and therefore, the Trustee), and not the Sheehans, were the owners of the Lots.

7

Indeed, as Judge Lyons explained, "as a matter of law, Trustee Dobin maintains the status of a bona-fide purchaser without notice, perfected as of the petition date, July 27, 2009 . . . Mr. Sheehan did not perfect his unrecorded interest until July 8, 2010.  Mrs. Sheehan has not recorded the deed evidencing her interest.  Trustee Dobin's rights to the lots are superior to the Sheehans' unrecorded ownership interests, which may therefore be avoided."  In re Eight Bulls, 439 B.R. at 375-76.  Thus, for all these reasons the Court finds that Appellants have failed to meet the second prong of the Great Western test.

Finally, the Court notes that Appellants cannot meet the third or fourth prongs of the Great Western Test.  Specifically, contrary to the requirement that the judgment of the state court be rendered before the federal suit was filed, here, it appears that the Trustee filed the instant Adversary Proceeding in August 2010 and the state court has yet to issue a final judgment in the state court action.  Moreover, with regard to the fourth prong, for Rooker Feldman to apply, a plaintiff in federal court must be inviting the court to review and reject the state court judgment.  Great Western Mining & Mineral, 615 F.3d at 166.  As discussed above, the state court action and the adversary proceeding sought to resolve entirely distinct and separate questions.  Thus, even if the state court had reached a final judgment concerning an easement, this would not preclude the Bankruptcy Court's jurisdiction to review the extent and validity of the Sheehans' ownership interest in the Lots.

**IV. CONCLUSION**

For the foregoing reasons, the Court will affirm the decision of the Bankruptcy Court.  Thus, Appellant's appeal is DENIED and this matter is CLOSED.

Dated: August 15, 2011 /s/ Freda L. Wolfson
Freda L. Wolfson, U.S.D.J.