<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
TIMOTHY J. SHEEHAN and BARBARA
E. SHEEHAN,                                   :

    Appellants,                      :      Civil Action No. 10-6288 (FLW)

v.                                    :

                           **OPINION**

ANDREA DOBIN, TRUSTEE,                        :

    Appellee.                        :
_____

**<u>WOLFSON, United States District Judge:</u>**

    Presently before the Court is a Motion for Reconsideration pursuant to L. Civ. R. 7.1 (i) by Appellants, <u>pro se</u>, Timothy J. and Barbara E. Sheehan ("Appellants" or "Sheehans"). Specifically, Appellants ask this Court to reconsider its August 15, 2011 Order affirming the decision of the Bankruptcy Court. The instant motion and the underlying appeal relate to a Chapter 11 Petition for bankruptcy that was filed by Eight Bulls, L.P. ("Eight Bulls" or "Debtor") on July 27, 2009. Specifically, in the underlying appeal, this Court affirmed the decision of the Bankruptcy Court finding, in relevant part, that the Rooker-Feldman doctrine was inapplicable to Eight Bulls bankruptcy proceeding. Appellants now argue that there has been an intervening change of law that would alter the outcome fo the Appeal, and, as such, that this Court should reverse its' August 15, 2011 decisions. For the reasons set forth below, Appellants' motion is denied.

1

I.  **BACKGROUND AND PROCEDURAL HISTORY**

Because the parties are intimately familiar with the oft-repeated facts of this case, and because this Court recounted the facts in its August 15, 2011 opinion, the Court will only briefly recite the relevant facts herein and will, additionally, incorporate the facts set forth in the August 2011 Opinion for purposes of deciding this motion.

This motion, and the preceding appeal, relate to a voluntary bankruptcy petition that was filed by Eight Bulls on July 27, 2009.  The Petition was signed by Timothy J. Sheehan as the authorized partner of Debtor.  Schedule A of the Petition reflected that Debtor was the owner of Lots 16, 17 and 18, Block 2102, in Princeton Township, New Jersey (the "Property" or the "Lots").  Additionally, the last recorded deed for the Lots as of the Petition date listed Debtor as the owner.  The Bankruptcy was converted to one under Chapter 7 of the Bankruptcy Code on January 29, 2010.  On the same day Dobin was Appointed as Trustee.

In August, 2010, the Trustee filed an Adversary Proceeding in the Bankruptcy Court for the District of New Jersey to determine the validity of the Appellants' ownership in the Lots.  Thereafter, on September 28, 2010, the Trustee filed a motion for Summary Judgment, arguing that deeds transferring the Property from Eight Bulls to the Sheehans as individuals were recorded after the Petition date and, therefore, were unenforceable against the Trustee.  Specifically, the Trustee argued that her interest in the Property was that of a bona fide purchaser without notice and that her interest was perfected as of the Petition Date as provided by Section 544 of the United States Bankruptcy Code.

On November 8, 2010, Judge Lyons issued an Order granting summary judgment in favor of

the Trustee and declaring that Appellants had no legal interest in the Lots.  On November 18, 2010, Judge Lyons issued an opinion setting forth the basis for the Order.  The Sheehans then appealed Judge Lyons' order granting summary judgment.  Specifically, the Sheehans argued that Judge Lyons erred when he determined that the Rooker Feldman doctrine was not applicable to the Eight Bulls' bankruptcy proceeding.  This Court did not agree.  Instead, on August 15, 2011, I issued an opinion holding that Judge Lyons had properly determined that the Sheehans could not meet the requirements of the Rooker-Feldman[1] doctrine because: (1) the Trustee was not a party to the action brought in state court; (2) there was no relevant state court judgment, and, in particular, the Sheehans did not provide the Court with anything that would contradict the Bankruptcy Court's determination that as of the Petition date, the Debtor, and not the Sheehans, were the owners of the Lots; (3) the Trustee's adversary proceeding was filed in August 2010 and the state court has not issued a final judgment in the state court action; and (4) the state court action and the adversary proceeding sought to resolve entirely distinct and separate questions.

    Subsequently, on August 30, 2011, the Sheehans filed the instant Motion for Reconsideration.

---

[1] The Rooker-Feldman doctrine establishes that "federal district courts lack jurisdiction over suits that are essentially appeals from state-court judgments." Great Western Mining & Mineral Co. v. Fox Rothschild, LLP, 615 F.3d 159, 165 (3d Cir. 2010).  Until 2005, federal courts had broadly applied this doctrine to bar federal review of claims that had been previously litigated in state court.  See, e.g., Desi's Pzza, Inc. v. City of Wilkes-Barre, 321 F.3d 411, 419 (3d Cir. 2003). However, in Exxon Mobil v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005), the Supreme Court narrowed the scope of cases to which the Rooker-Feldman doctrin.   In the wake of Exxon, the Third Circuit articulated a new standard concerning the applicability of Rooker Feldman and held that Rooker-Feldman applies only if the following four requirements are met: (1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by a state court judgment; (3) the judgment was rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments.  Id. at 166.

## II.  STANDARD OF REVIEW

Local Rule 7.1(i) allows a party to seek reconsideration of a court's decision if there are "matters or controlling decisions which counsel believes the Judge . . . has overlooked" within ten business days following the entry of the order or judgment on the original motion.  L. Civ. R. 7.1(i); see also Interfaith Cmty. Org. v. Honeywell Int'l, Inc., 215 F.Supp.2d 482, 507 n. 12 (D.N.J.2002).  It is improper on a motion for reconsideration to "ask the Court to rethink what it had already thought through – rightly or wrongly."  Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co., 744 F. Supp. 1311, 1314 (D.N.J. 1990).  Rule 7.1(i) does not contemplate a recapitulation of arguments considered by the court before rending its decision.  See Bermingham v. Sony Corp. Of Am., Inc., 820 F. Supp. 834, 856 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir. 1994).  Instead, Rule 7.1(i) creates a procedure by which a court may reconsider its decision upon a showing that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision.  Relief by way of a motion for reconsideration is "an extraordinary remedy" that is to be granted "very sparingly." Interfaith Cmty. Org., 215 F.Supp.2d at 507.  Indeed, a timely motion for reconsideration may only be granted upon a finding of at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . .; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir.1999). The Court will only grant such a motion if the matters overlooked might reasonably have resulted in a different conclusion.  Bowers v. Nat'l Collegiate Athletic Assoc., 130 F. Supp.2d 610, 613 (D.N.J.2001).

**III. DISCUSSION**

In the instant matter, the Sheehans contend that reconsideration under L.Civ.R. 7.1(i) is necessary because there has been intervening change of law.  Specifically, Appellants argue that the Supreme Court's decision in <u>Stern v. Marshall</u>, 131 S. Ct. 2594 (June 23, 2011), is an intervening change of law that requires this Court to "vacate and set aside all Orders of Judge Lyons which seek to declare that Sheehans have no interest in Lots 16, 17 and 18."  App. Reconsideration Br. at 3.  In response, the Trustee argues that Stern is in applicable to this matter and, therefore, does not constitute an intervening change of law for purposes of this action.   The Court agrees.

Initially, the Court notes that other than the broad (and incorrect) statement by the Sheehans that <u>Stern</u> "decided that bankruptcy courts. . . do not have the power to decide state law issues under the Constitution of the United States," App. Reconsideration Br. at 1, the Sheehans have provided no analysis of the <u>Stern</u> decision or its applicability to this matter. In that regard, the Court notes the Supreme Court's recognition that the <u>Stern</u> decision was a "narrow" one holding only that, "[t]he Bankruptcy Court below lacked the constitutional authority to enter a final judgment on a state law counterclaim that [was] not resolved in the process of ruling on a creditor's proof of claim."  <u>Stern</u>, 131 S. Ct. at 2620.  Indeed, although the Supreme Court's decision in <u>Stern</u> may have a substantial impact on bankruptcy practice and jurisprudence, the decision has no impact on, and no applicability to, the matter before this Court.

A review of the facts in <u>Stern</u> also demonstrates that the decision is entirely inapplicable to this matter.  <u>Stern</u> concerned a bankruptcy action filed by Vickie Lynn Marshall ("Vickie")

5

following the death of her husband, J. Howard Marshall II ("J. Howard").  E. Pierce Marshall ("Pierce"), the son of J. Howard, filed a proof of claim in the bankruptcy proceeding asserting that he should be able to recover damages from Vickie's bankruptcy estate because Vickie had defamed him.  In response, Vickie filed a counterclaim in the bankruptcy action for tortious interference.  Importantly, Vickie had filed a suit against Pierce in Texas state court for tortious interference prior to J. Howard's death .  In light of these facts, the Bankruptcy Court granted Vickie summary judgment on the defamation claim and awarded her hundreds of millions of dollars in damages on her counterclaim.  Pierce objected that the Bankruptcy Court lacked jurisdiction to enter a final judgment on the counterclaim because it was not a "core proceeding" as defined by 28 U.S.C. § 157(b)(2)(C).  The Supreme Court ultimately held that although the Bankruptcy Court had the statutory authority to enter final judgment on Vickie's counterclaim, it lacked the constitutional authority to do so.  Specifically, the Court found that Vickie's counterclaim was a state tort action that existed without regard to any bankruptcy proceeding.

    In contrast, unlike Stern, the matter before me does not involve a proof of claim or a state law counterclaim involving a debtor and creditor.   Stern, 131 S. Ct. at 2614.  As discussed above, the instant appeal concerns an adversary proceeding filed by the Trustee to determine the extent and validity of the Debtor's ownership interest in a piece of property.  This is the essence of a core bankruptcy proceeding.  Moreover, the Bankruptcy Court's jurisdiction here did not arise under 11 U.S.C. § 157(b)(2)(C) as in Stern, but instead, arose under 11 U.S.C. § 157(A),(k), (N) and/or (O) as explained by Judge Lyons in his decision.  For these reasons, the Court finds that Stern is inapplicable to this matter and, as such, does not constitute an intervening change of law for purposes of a motion for reconsideration.

## IV. CONCLUSION

For the foregoing reasons, Appellants' Motion for Reconsideration is DENIED and this matter is **CLOSED**.


Dated: February 9, 2012                                          /s/ Freda L. Wolfson
                                                                 Freda L. Wolfson, U.S.D.J..